1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COREY DARRYL WIRSZ, | ) | 1:09-cv-01204-BAK-SMS HC |
| Petitioner, | ) ) | ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION WITHIN THIRTY |
| v. | ) ) | DAYS |
| JOHN SUGRUE, Warden, | ) ) ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER A FORM HABEAS PETITION FOR FEDERAL PRISONERS |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on July 13, 2009.  (Doc. 1).  The petition alleges that Petitioner was convicted of conspiracy to distribute marijuana in the United States District Court for the Western District of Washington on July 11, 2008, and sentenced to a term of 78 months.  (Doc. 1, p. 2).  The petition also alleges that the sentencing judge recommended Petitioner's eligibility for a "treaty transfer."  (Id., p. 7).  Petitioner, a citizen of Canada, brings a single habeas claim that he is "entitled to an international prisoner transfer to Canada," and that he is "requesting an order from the court to transfer [him] to a prison in Canada...."  (Id., p. 3).

### DISCUSSION

A federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v.

1

1    <u>Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998);  <u>United States v. Tubwell</u>, 37 F.3d 175, 177 (5th

2    Cir. 1994); <u>Kingsley v. Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); <u>United States v.</u>

3    <u>Jalili</u>, 925 F.2d 889, 893-94 (6th Cir. 1991);  <u>Barden v. Keohane</u>, 921 F.2d 476, 478-79 (3rd Cir.

4    1991);  <u>United States v. Hutchings</u>, 835 F.2d 185, 186-87 (8th Cir. 1987); <u>Brown v. United States</u>,

5    610 F.2d 672, 677 (9th Cir. 1990).

6           Under federal law, a petitioner is entitled to habeas relief if he is "in custody in violation

7    of the Constitution or laws *or treaties* of the United States."  28 U.S.C. § 2241(c)(3). (Emphasis

8    supplied).  <u>See also</u>, Rule 1 to the Rules Governing § 2254 Cases in the United States District

9    Court.   Under the Transfer of Offenders to or from Foreign Countries Act, 18 U.S.C. § 4100 et

10   seq. ("the Act"), pursuant to a treaty, the Attorney General may "transfer offenders under a

11   sentence of imprisonment...to the foreign countries of which they are citizens or nationals" and

12   "make regulations for the proper implementation of such treaties...and to...implement [the Act]."

13   18 U.S.C. §§ 4102(3),(4).  Significantly, the Act applies "<u>only when a treaty providing for such a</u>

14   <u>transfer is in force</u>."  18 U.S.C. § 4100(a)(emphasis supplied).  Moreover, the Act authorizes the

15   Attorney General, acting on behalf of the United States, to transfer offenders; however, it does

16   not contain any limits on the exercise of the Attorney General's discretion.  18 U.S.C. §§

17   4102(1), (3).  Finally, the Act authorizes the Attorney General "to delegate the authority

18   conferred by this chapter to officers of the Department of Justice."  <u>See</u> 18 U.S.C. § 4102(11).

19   That authority has been delegated to Respondent Bureau of Prisons.  <u>See</u> 28 C.F.R. § 0.96b.

20          The Supreme Court has held that "the essence of habeas corpus is an attack by a person in

21   custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

22          The "Rules Governing Section 2254 Cases" provide that the petition:

23          " . . . shall specify all the grounds for relief which are available to the petitioner
            and of which he has or by the exercise of reasonable diligence should have
24          knowledge and Shall set forth in summary form the facts supporting each of the
            grounds thus specified."

25   Rule 2(c), 28 U.S.C. § 2254.  Additionally, the Advisory Committee Note to these rules explains

26   that:  " '(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a

27   'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in*

28

                                               2

1  Blackledge v. Allison, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977).  "Conclusory allegations which

2  are not supported by a statement of specific facts do not warrant habeas relief."  James v. Borg,

3  24 F.3d 20, 26 (9th Cir. 1994), *cert. denied*, 513 U.S. 935, 115 S.Ct. 333 (1994).  Petitioner must

4  state his claim with sufficient specificity.  See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht

5  v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979).

6           Here, Petitioner has alleged only that the sentencing court recommended Petitioner's

7  eligibility for a "treaty transfer" to Canada.  Petitioner's sole claim in the instant petition is

8  predicated on his purported right to such a treaty transfer.  However, although the Court's § 2241

9  jurisdiction extends to violations of the treaties of the United States, Petitioner has failed to

10  specify  what treaty is presently being violated.  Nor has Petitioner alleged that he has properly

11  invoked that treaty by filing the appropriate notice or request with Respondent indicating his

12  desire to be transferred under the terms of the treaty.  Nor, indeed, has Petitioner alleged that

13  such a request has been denied by Respondent, or that such a denial was unlawful.

14           In sum, while the Court appreciates that it may have jurisdiction over this petition should

15  the instant claim involve a federal treaty, Petitioner has failed to provide sufficient factual and

16  legal details regarding his claim for the Court to proceed.[1]  In that legal context, it would be

17  inappropriate to order a response without first requiring Petitioner to provide additional factual

18  and legal specificity for his claim in an amended petition.  Accordingly, the Court  will give

19  Petitioner an opportunity to file an amended petition setting forth a factual and legal basis

20  adequate to permit Respondent to respond to the claim and for the Court to address its merits.

21

22  ───────────────

23           [1]The Court is aware of at least one treaty that provides, in certain circumstances, for the international
    transfer of federal prisoners, i.e., The Convention of the Transfer of Sentenced Persons, Mar. 21, 1983, T.I.A.S. No.
24  10,824, Europ. T.S. No. 112 ("the Convention").  Both the United States and Canada are parties to this Convention.
    However, the Convention provides that a federal inmate "*may* be transferred" to another signatory state, but that a
25  transfer can only occur if a series of conditions are met, one of which is that "the sentencing and administering States
    agree to the transfer."  Id., Art. 3(1)(F).  Petitioner has not alleged that either the United States or Canada has agreed
26  to the transfer, or indeed, that he has even requested such a transfer.  The Court will not engage in speculation or
    guesswork about the legal and factual basis for Petitioner's claim.  Petitioner must specify what treaty underlies his
27  claim.  Moreover, as mentioned above, if Petitioner is proceeding under the Convention, in order to state a
    cognizable federal habeas claim Petitioner must allege that he has requested a transfer under that treaty, that his
28  request has been denied, and that such a denial was unlawful.  Without such essential allegations, the Court cannot
    find Petitioner's claim cognizable.

1

2 <u>**ORDER**</u>

3 Accordingly, the Court HEREBY ORDERS as follows:

4     1.     Petitioner is ORDERED to file an amended petition within thirty (30) days of the

5     date of service of this Order.  The amended petition must specify, with

6     particularity, the factual and legal basis for any claim, including any alleged

7     violation of a treaty of the United States, as well as any decision by Respondent

8     that Petitioner contends has resulted in an alleged violation of a treaty of the

9     United States.  The amended petition will supercede the original petition and will

10     be complete in itself, without reference to the original petition.  The amended

11     petition should be clearly labeled "AMENDED PETITION."

12     2.     The Clerk of the Court is DIRECTED to send Petitioner a habeas corpus form

13     petition for federal prisoners.

14     Petitioner is forewarned that his failure to comply with this order may result in a

15 Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

16

17 IT IS SO ORDERED.

18 **Dated:   December 14, 2009**      **/s/ Sandra M. Snyder**

19     UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28