**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY DARRYL WIRSZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOHN SUGRUE, Warden,<br><br>　　　　Respondent. | 1:09-cv-01204-JLT HC<br><br>ORDER DENYING PETITIONER'S MOTION PURSUANT TO RULE 59(e)<br><br>(Doc. 26) |

　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant federal petition on July 13, 2009. (Doc. 1). On July 24, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 3). On June 6, 2009, Respondent filed a similar consent to the Magistrate Judge's jurisdiction. (Doc. 15).

　　The petition alleged that Petitioner was convicted of conspiracy to distribute marijuana in the United States District Court for the Western District of Washington on July 11, 2008, and sentenced to a term of 78 months. (Doc. 1, p. 2). The petition also alleged that the sentencing judge recommended Petitioner's eligibility for a "treaty transfer." (Id., p. 7). Petitioner, a citizen of Canada, raised a single habeas claim that he was "entitled to an international prisoner transfer to Canada," and that he was "requesting an order from the court to transfer [him] to a prison in Canada...." (Id., p. 3).

1    On December 15, 2009, the Court ordered Petitioner to file a first amended petition in
2 which Petitioner specified what treaty had been violated, how and in what manner Petitioner had
3 invoked that treaty, that he had been denied the benefits of said treaty, and that the decision
4 denying the benefits of said treaty was improperly or unlawfully made. (Doc. 5). On January 8,
5 2010, Petitioner filed the first amended petition, alleging that he applied to the United States
6 Bureau of Prisons ("BOP") for a treaty transfer to Canada on November 7, 2008, that on March
7 24, 2009, the International Prisoner Transfer Unit of the U. S. Department of Justice denied
8 Petitioner's request "because of the seriousness of the offense and because of the serious law
9 enforcement concerns," and that no administrative appeal of that denial is permitted, although
10 that Petitioner may reapply for such a transfer after two years. (Doc. 7, p. 7).
11   On March 20, 2010, the Court ordered Respondent to file a response. (Doc. 8). On
12 August 30, 2010, Respondent filed a motion to dismiss the petition, arguing that Petitioner
13 lacked standing to challenge a denial of transfer under the applicable treaty. (Doc. 22). On
14 September 10, 2010, Petitioner filed his opposition to the motion to dismiss. (Doc. 23). On
15 October 8, 2010, the Court issued an order granting Respondent's motion to dismiss, entering
16 judgment, and closing the case. (Doc. 25). On October 19, 2010, Petitioner filed the instant
17 motion pursuant to Rule 59(e), seeking relief from judgment on the grounds that the Court failed
18 to consider Petitioner's claim of res judicata. (Doc. 26). For the reasons set forth below, the
19 Court will deny Petitioner's motion.

## DISCUSSION

B. Legal Context For International Prisoner Transfers.

Rule 59(e) of the Federal Rules of Civil Procedure provides as follows:

> (e) **Motion to Alter or Amend A Judgment**. A motion to alter or amend a judgment must be made no later than 28 days after the entry of the judgment.

As stated in its text, Rule 59(e) applies only to motions to alter or amend "a judgment." A "judgment" is defined by Rule 54 of the Federal Rules of Civil Procedure as "any order from which an appeal lies," Fed. R. Civ. P. 54, in other words, a final order. See, e.g., Bankers Trust Co. V. Mallis, 435 U.S. 381, 384 n. 2, 98 S.Ct. 1117 (1978)("A 'judgment' for purposes of the

1 Federal Rules of Civil Procedure would appear to be equivalent to a 'final decision' as that term
2 is used in 28 U.S.C. 1291."); Balla v. Idaho State Bd. Of Corrections, 869 F.2d 461, 466-467 (9th
3 Cir. 1989)(holding that "judgment...encompasses final judgment and appealable interlocutory
4 orders" for purposes of motions for reconsideration).

5      A motion for reconsideration under Rule 59(e) "should not be granted, absent highly
6 unusual circumstances, unless the district court is presented with newly discovered evidence,
7 committed clear error, or if there is an intervening change in the controlling law." McDowell v.
8 Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), *quoting* 389 Orange St. Partners v. Arnold, 179
9 F.3d 656, 665 (9th Cir. 1999).  In moving for reconsideration under Rule 59(e), Petitioner has
10 alleged neither the discovery of new evidence nor an intervening change in the controlling law.
11 Therefore, the only question before this Court is whether the Court committed clear error in
12 granting Respondent's motion to dismiss.

13      Petitioner contends that the Court "overlooked" Petitioner's res judicata argument in his
14 opposition to the motion to dismiss.  Petitioner is mistaken.  The Court expressly addressed
15 Petitioner's claim of res judicata in the order dismissing the petition. (Doc. 24, p. 8, fn. 2).  The
16 Court noted that the doctrine of res judicata made "no sense" in the present context because
17 Petitioner never identified the "final judgment upon the merits of the action" that would bar,
18 under the operation of res judicata, Respondent's decision to deny his treaty transfer to Canada.
19 (Id.).

20      In the instant motion to alter or amend judgment, Petitioner elaborates on his claim of res
21 judicata, which, to the Court, appears instead to be a claim of estoppel.  Petitioner contends that
22 because Respondent, acting through the federal prosecutor, failed to object to Petitioner's
23 counsel's request for a recommendation for a treaty transfer from the sentencing judge,
24 Respondent should have been precluded from denying his transfer request.

25      Petitioner has cited no legal authority, and the Court is unaware of any such authority,
26 that would operate to preclude the Department of Justice's International Prisoner Transfer Unit
27 from denying a transfer request merely because the federal prosecutor did not oppose the trial
28 court's decision to "recommend" such a transfer during sentencing.  Indeed, a transcript of the

sentencing hearing attached to the first amended petition indicates that, in agreeing to recommend the transfer, the trial court was emphatic in pointing out that this was merely a "recommendation":

> "Your lawyer has also asked for the treaty transfer recommendation by this Court. I have not heard any specific objection by the government and I see no reason not to grant that request made by your lawyer. That will be approved by this Court as well, <u>meaning I will make the recommendation. I don't have the final authority to say that is going to happen one way or the other.</u>"

(Doc. 7, p. 16)(Emphasis supplied).

As the trial judge correctly explained, his endorsement was merely a non-binding recommendation for a treaty transfer; the ultimate decision would be made by another governmental entity that could either accept the court's recommendation or reject it. The fact that the prosecutor did not object to the recommendation neither endorsed it nor did he bind the federal government to agreeing to such a transfer. Put simply, the government did not object to the trial judge's non-binding <u>recommendation</u>, with the clear understanding that such a recommendation was only that, and that the ultimate decision to grant or deny a treaty transfer would be made elsewhere by another agency of the federal government.

Based on the foregoing, Petitioner has not established that the Court committed clear error in rejecting his res judicata argument. Although Petitioner claims not to be seeking a "second bite at the apple," it appears that this is precisely what he is seeking. (Doc. 26, p. 3). However, he has presented no facts nor made any legal arguments that would entitle him to relief under Rule 59(e). Accordingly, the Court will deny that motion.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS that Petitioner's motion pursuant to Rule 59(e) (Doc. 26), is DENIED.

IT IS SO ORDERED.

Dated:   **October 20, 2010**               /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE